UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-22284-CV-SCOLA/TORRES

STEVEN MARKOS,

    Plaintiff,

v.

YACHT CHARTERS OF MIAMI.COM, LLC,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court on a Motion for Default Judgment filed by Plaintiff STEVEN MARKOS ("Plaintiff" or "Markos") on August 27, 2019. [D.E. 12]. The Honorable Judge Robert N. Scola referred the Motion to the undersigned on September 6, 2019 [D.E. 13], and Defendant's non-appearance and failure to respond in opposition makes the Motion ripe for disposition. Following our review of the briefing materials, the evidence of record and the relevant legal authorities governing the dispute, we hereby **RECOMMEND** the Motion be **GRANTED in part** and **DENIED in part.**

*I.   BACKGROUND*

On June 4, 2019, Plaintiff initiated this action under the Copyright Act, claiming that Defendant unlawfully and without permission used one of his photographs on its website. [D.E. 1]. Plaintiff listed the photograph, dubbed

"Biscayne-070," with the Register of Copyrights on November 3, 2016, Registration No. VA 2-022-927. *Id.* at ¶ 12. Plaintiff claims that Defendant copied the photograph without license to do so and then used displayed it prominently on the company website. *Id.* at ¶ 18. The Complaint alleges two causes of action against Yacht Charters: the first for copyright infringement (Count I) and the second for "removal of copyright management information" (Count II).

The Clerk of Court issued summons on the same day Plaintiff filed his Complaint [D.E. 4]. Plaintiff served Defendant's registered agent with a copy of the summons and the Complaint on June 25. [D.E. 8]. Yacht Charters then failed to appear and answer the Complaint or otherwise respond to the allegations contained therein, despite being required to do so under the Federal Rules of Civil Procedure. Accordingly, Plaintiff sought a Clerk's Entry of Default on August 6, 2019, and the Clerk obliged, entering that default the next day. [D.E. 10]. A week later Plaintiff moved for default judgment under Rule 55 of the Federal Rules of Civil Procedure, and that Motion is now before this Court.

## II.  LEGAL STANDARD

A party seeking default judgment must follow a two-step process to obtain such relief. First, the clerk of court must enter a clerk's default if and when a defendant fails to defend a lawsuit filed against it. Fed. R. Civ. P. 55(a); *see also City of New York v. Mickalis Pawn Shop*, 645 F.3d 114, 128 (2d Cir. 2011) ("The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."). Armed with the clerk's entry

of default, a plaintiff must then seek default judgment pursuant to Fed. R. Civ. P. 55(b), which may be entered against any non-answering party so long as the defendant is not an infant or incompetent person. *See* Fed. R. Civ. P. 55(b)(2).

"The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Construction Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A court must still, however, review the sufficiency of the allegations contained within the complaint to determine if default judgment is appropriate. *See Nishimatsu*, 515 F.2d at 1206. "While a complaint…does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

### III. ANALYSIS

#### A. *Liability*

To establish his claim for copyright infringement, Plaintiff must show (1) that he own a valid copyright in the photograph, and (2) that Defendant copied original elements of those photographs. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1214 (11th Cir. 2000). Plaintiff successfully pled these factors, alleging that he registered the photograph at issue with the Register of Copyrights on November 3, 2016, and that Defendant subsequently used this photograph on Yacht Charters' website without

license or permission to do so. Thus, he is entitled to default judgment on his copyright infringement claim.[1]

### B. *Damages*

If the admitted facts are sufficient to establish liability, the Court must then determine the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004). Damages may only be awarded if the record adequately reflects the basis of the award, which can be shown by the moving party's submission of detailed affidavits establishing the facts necessary to support the damages requested. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). An evidentiary hearing on the amount of damages is not required under Rule 55, and a Court may choose whether or not to hold such a hearing. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011). In light of the record evidence before us, we see no need to hold a hearing on damages, resolving the matter entirely on the papers.

The Copyright Act states:

**(a) In general.** Except as otherwise provided by this title, an infringer of copyright is liable for either –

**(1)** the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or

**(2)** statutory damages, as provided by subsection (c).

---

[1] Plaintiff's Motion omits any mention of his intent to obtain default judgment on Count II – his claim for "removal of copyright management information" – and so will deny the Motion for this claim.

17 U.S.C. § 504. Many courts have found statutory damages to be "especially appropriate" in default judgment cases, as measuring a party's actual damages can be difficult in light of Defendant's failure to appear. *UMG Recordings, Inc. v. Roque*, 2008 WL 2844022, at *2 (S.D. Fla. July 23, 2008) ("Indeed, because Plaintiffs would have difficulty submitting evidence of actual damages due to Defendant's failure to defend the action, statutory damages offer the Court discretion to enter judgment in spite of the lack of such evidence."); *see also PetMed Express*, 336 F. Supp. 2d at 1220; *Microsoft Corp. v. McGree*, 490 F. Supp. 2d 874, 882 (S.D. Ohio 2007) (collecting cases). We agree, and find statutory damages to be more appropriate here.

With regard to such damages, the relevant provision of the Copyright Act provides:

**(c) Statutory Damages**

**(1)** Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

**(2)** In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. […]

17 U.S.C. § 504(c). Based on these provisions, Plaintiff asks that he be awarded $36,000.00 in statutory damages.

Marko's process for arriving at such a figure is convoluted and overly complicated, but we will do our best to explain. First, he argues that his *actual* damages are $7,200.00; he bases this amount on the fact that we would have charged Defendant $600.00 in the form of a licensing fee in order for it to obtain permission to use the photograph on the website. He multiplied this $600 amount by a "scarcity multiplier of 3." [D.E. 12, p. 11]. He then multiplies *that* corresponding figure – $1,800.00 – by a "quality of factor of 4," to arrive at a total amount of $7,200.00 in actual damages. *Id*. Undeterred, he once again multiplies *that* $7,200.00 figure by a "five times willful multiplier," *id*. at 14, arriving at the $36,000.00 figure by utilizing what can be generously described as a "triple-multiplier method."

We find this request to be excessive and therefore reject it. "Statutory damages are 'not intended to provide a plaintiff with a windfall recovery; they should bear some relationship to the actual damages suffered.'" *Hawaiiweb, Inc. v. Experience Hawaii, Inc.*, 2017 WL 382617, at \*7 (N.D. Ga. Jan. 27, 2017) (quoting *Clever Covers, Inc. v. Sw. Florida Storm Def., LLC*, 554 F. Supp. 2d 1303, 1312 (M.D. Fla. 2008)). In our view, Plaintiff's supporting evidence to request these damages is quite tenuous – at best. Such a request is excessive in light of the fact that the entirety of the Complaint effectively accuses Defendant of a single instance of copyright infringement, yet Plaintiff's total award would allow him to recover damages *sixty times greater* than the subject licensing fee. *See Schwabel v. HPT Service, LLC*, 2018 WL 4782328, at \*4 (M.D. Fla. Sept. 6, 2018) (rejecting, on motion for default judgment, plaintiff's request for statutory award that was fifteen times greater than

6

the subject licensing fee); *see also Hawaiiweb, Inc.*, 2017 WL 382617, at *7 (rejecting statutory damage request of $50,000.00 on motion for default judgment as excessive).

We will exercise our discretion under the statute and reduce the amount of statutory damages. The evidence certainly establishes that Defendant "saved" $600.00 per year by refusing to pay Plaintiff's licensing fee, and that it did so for a one-year period. *See* D.E. 1-3 (letter sent to Defendant in March of 2019 informed Yacht Charter its display of Plaintiff's photograph without permission constituted infringement). Since we cannot award "less than $750.00" in statutory damages pursuant to 17 U.S.C. § 504(c)(1), we will proceed as if this figure served as the "lost" licensing fee Plaintiff would have received if Defendant sought permission to use the photograph, with a "three times multiplier" being applied for Defendant's willful violation. *See* 17 U.S.C. § 504(c)(2); *Schwabel*, 2018 WL 4782328, at *4 (awarding three times the amount of licensing fee as statutory damages on willful infringement claim); *Universal Music Corp. v. Latitude 360 Nevada, Inc.*, 2016 WL 3200087, at *4 (M.D. Fla. May 4, 2016) (statutory damages award consisted of licensing fee at three times multiplier). This, in our view, is far more reasonable under the circumstances.

Accordingly, we find that Plaintiff should be entitled to an award of $2,250.00 in statutory damages, which amounts to three times fee Defendant "saved" by not seeking Plaintiff's permission to display the photograph on its website. *See Universal*, 2016 WL 3200087, at *4.

### C. *Request for Injunctive Relief*

The Copyright Act also gives a court authority to grant injunctive relief to prevent further violations of Plaintiff's copyrighted material. *See* 17 U.S.C. § 502; *Pacific & Southern Co. v. Duncan*, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984). A party seeking such an injunction must satisfy the four-factor test for obtaining a permanent injunction and show: (1) he suffered an irreparable injury; (2) the legal remedies are inadequate to compensate for his injury; (3) the balance of the hardships between the plaintiff and the defendant weighs in the plaintiff's favor; and (4) the permanent injunction serves the public interest. *Warren Pub., Inc. v. Microdos Data Corp.*, 115 F.3d 1509, 1516 (11th Cir. 1997); *see also Sony Music Entertainment, Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347-48 (S.D. Fla. 1999) ("Injunctive relief is a traditional remedy for copyright infringement[.]").

Defendant admits the well-pled facts, including that it committed willful infringement. As such, we find that injunctive relief is appropriate and should be entered in order to keep Defendant from continuing to engage in its infringing activity. *See e.g. Arista Recordings, Inc. v. Beker Ent., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) ("Injunctions are regularly issued pursuant to the mandate of Section 502 [of the Copyright Act] because the public interest is the interest in upholding copyright protection.") (quotation and citation omitted); *Sony Music*, 45 F. Supp. 2d at 1347-48 (entering permanent injunction against copyright infringement on default judgment). We therefore recommend entry of an Order enjoining Defendant from

continuing to infringe on Marko's rights through the unlicensed use of the copyrighted photograph.

### D. *Attorney's Fees and Costs*

Finally, we recommend that Plaintiff be awarded attorney's fees and costs. The Copyright Act expressly provides that a court may, in its discretion, "allow the recovery of full costs by or against any party…[and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. As the prevailing party, we may recommend an award of both fees and costs so long as such an award is reasonable. *See Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 853 (11th Cir. 1990).

#### 1. *Attorney's Fees*

Here, Plaintiff asks for $3,105.00 in attorney's fees, which is what his attorneys billed to the file during the course of the litigation. When assessing whether such a fee is reasonable, we must employ the familiar "lodestar" method. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under this analysis, a reasonable fee is determined by multiplying the number of reasonable hours expended on the litigation by the customary fee charged in the community for similar legal services. *Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). The fee applicant ultimately bears the burden of supplying the court with specific and detailed evidence from which it may determine a reasonable fee, but a court may also rely on its own knowledge and experience to determine a proper fee amount. *Norman*, 836 F.2d at 1303.

Plaintiff asks that the fee award be based on the following: (1) 4.2 hours of work performed by associate attorney Craig Wirth, at a rate of $325.00 per hour; and (2) 8.0 hours of work performed by paralegal Jamie James at a rate of $200.00 per hour. We find the hours expended to be reasonable and supported by the evidence before us, but will reduce the paralegal's fee to $100.00 per hour, which we believe is a more appropriate figure for the type of work she undertook in this case.

Additionally, we will not include as part of the fee award any work performed by Joel B. Rothman, who bills at a rate of $425.00 per hour. There appears to be a discrepancy in the affidavit submitted in support of the fee request, which indicates that Mr. Rothman "expended 0 hours on this matter." [*See* D.E. 12-2, ¶ 8]. Despite such an assertion, work on the file is included in the billing records submitted in support of the request for fees. *Id*. The work performed does not appear to be necessary in light of the relief obtained, and even if it was, we would deny the request because we find that Mr. Rothman merely engaged in clerical tasks, which cannot be recovered. [D.E. 12-2, pp. 4-5 (billing records show Mr. Rothman engaging in "review" of judicial assignment and clerk's entry of default)]; *see also James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1353 (S.D. Fla. 2007) (reducing fee award for, among other things, "Plaintiff's billing for clerical work at senior attorney and partner rates.").

In accordance with these findings, we recommend that Plaintiff be awarded $2,165.00 in attorney's fees.

### *2. Costs*

Finally, we find that Plaintiff is entitled to an award of costs. A prevailing party in a copyright infringement may recover those costs listed in 28 U.S.C. § 1920. *See Artisan Contractors Ass'n of Am., Inc. v. Frontier Ins. Co.*, 275 F.3d 1038, 1039 (11th Cir. 2001). The statute allows for the recovery of the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies or any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under § 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.

Plaintiff's requested cost award totals $453.00, which is inclusive of filing fees to the court ($400.00) and $53.70 in service charges. As both are recoverable under Section 1920, Plaintiff is entitled to the full amount included in his request.

### *IV. CONCLUSION*

In light of the foregoing, we hereby **RECOMMEND** the following:

1. Plaintiff's Motion be **GRANTED in part** and **DENIED** in part;

2. Plaintiff be awarded $2,250.00 in statutory damages as provided by 17 U.S.C. § 504(c); and

11

3.     Plaintiff be allowed to recover $2,165.00 in attorney's fees and $453.70 in costs pursuant to 17 U.S.C. § 505.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Judge Robert N. Scola. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 2nd day of October, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge